# ORIGINAL

# In the United States Court of Federal Claims

No. 12-792C
Filed: December 9, 2013

**FILED**

DEC - 9 2013

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * <br> **HAROLD EUGENE LANEY,** <br> Plaintiff, <br> v. <br> **UNITED STATES,** <br> Defendant. <br> * * * * * * * * * * * * * * * * * * * | Pro Se Plaintiff; Motion to Dismiss; Subject Matter Jurisdiction. |

**Harold Eugene Laney,** Brazoria, TX, pro se.

**Douglas T. Hoffman,** Trial Attorney, Commercial Litigation Breach, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him was **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

On November 19, 2012, pro se plaintiff, Harold Eugene Laney, filed a complaint in the United States Court of Federal Claims which indicated at the top of the page: "**Implied Open Bankruptcy Court Case: (1787 to Present) Constitution**."[1] The header, prior to the text of the complaint, states: "**CHARGE: BREACH OF CONTRACT** (with the People both expressed and implied)." Examples of the rhetoric in the complaint are the following two opening paragraphs of text:

> **UPON** this **American** Petition, a green jacket People presentment, **I am** standing upon the Right to bring forth my charges of Breach of Contracts, Fraudulent Contract Concealments and Fraudulent Conveyances all in order to defraud the Creditor/Owner by the United States; as the states united are in a total count of (51) [sic] of which I have lived in 8 of them.
>
> **I am, Mr. Harold-Eugene: Laney,** a **Validated American Citizen** by **blood** and **water** per the **Law** and **I am** an American Owner, Creditor and

---

[1] Throughout this Order, capitalization, emphasis, redactions, as well as grammatical and spelling errors appear as they are in the documents submitted by Mr. Laney.

> Fiduciary as one of the American "We the People" with the American Standing Authority and Sinderesis[2] over the Constitutional Govern-Mental [sic] Bankrupts – the UNITED STATES organization, all the STATE OF organizations and their employees per their Bankruptcy – Constitutions; as they are just Bankrupt contractual organizations of corporation operating as govern-mental [sic] MESNE "Country Club/Plantations."

On the next page of his complaint, Mr. Laney repeats part of the above, almost verbatim:

> **I am, Mr. Harold-Eugene: Laney, a Validated American Citizen** by **blood** and **water** per the **Law** and **I am** an American Owner, Creditor and Fiduciary as one of the American "We the **People**" with the American Standing Authority over the Constitutional Govern-Mental [sic] Bankrupts – the UNITED STATES organization, all the STATE OF organizations and their employees per their Bankruptcy – Constitutions; as they are just Bankrupt contractual organizations of corporation operating as govern-mental [sic] MESNE "<u>Country</u> – Club/Plantations."

Among other requests, plaintiff states:

> **Therefore, I am** requesting that this Court is to have the IRS-CID [sic] along the lines of the requirements of IRS form 3949A investigate the accounts addressed to rescue any internal-revenue taxes that are due me and/or unaccounted for and to file charges anyone [sic] of the with-holders [sic] that has operated with fraudulent intentions or has caused harm.

Plaintiff also requests the "ORDERING the Termination, Liquidation and Restoration of my Claimed Treasure-Trove Bankrupt Berthed Assets" and "the Suspension of any further transactions against the United States Treasury – Special Fund – 'Certificate of Live Birth' account number **xxx-xx-xx1069**." Following plaintiff's signature on the complaint, he includes, in red ink, a finger print from one digit on his left hand and one digit on his right hand, with the notation "(Under seal and bounded Landmarks – the two index witnesses of the Tribunal 13 of Man and Soul)."

Plaintiff's complaint was filed without the requisite filing fee, or a motion to proceed <u>in forma pauperis</u>. Certainly, as a repetitive litigant, plaintiff should have been aware of the filings requirements. It appears that Mr. Laney has filed at least the

---

[2] Webster's Third New International Dictionary 2319 (2002) defines sinderesis (also spelled as "synderesis") as "inborn knowledge of the primary principles of moral action" and "the essence, ground, or center of the soul that enters into communion with God: the spark or emanation of divinity in the soul."

following suits: In re Harold Eugene Laney–SS Trust/Corporation, No. 11-80605 (dismissed Bankr. S.D. Tex. Dec. 9, 2011);[3] Laney v. Laney, No. 12-00115 (dismissed S.D. Tex. Mar. 19, 2012); Laney v. Laney, No. 12-00155 (dismissed S.D. Tex. Mar. 28, 2012); Laney v. United States of America, No. 12-03390 (dismissed S.D. Tex. Mar. 28, 2012); In re Harold Eugene Laney Executive Estate, No. 12-80370 (dismissed Bankr. S.D. Tex. July 26, 2012); Laney v. Nixon, et al., No. 12-01710 (dismissed S.D. Tex. July 26, 2012); In re Harold Eugene Laney, No. 12-80106 (dismissed Bankr. S.D. Tex. Oct. 22, 2012); Laney v. United States, No. 12-792C (filed Fed. Cl. Nov. 19, 2012) (the case currently before the court); Laney v. United States of America, No. 12-03388 (dismissed S.D. Tex. Nov. 26, 2012); and In re Harold Eugene Laney, No. 13-00302 (filed Bankr. S.D. Tex. July 16, 2013). Even, however, if the court were to excuse plaintiff's failure to pay the filing fee or to request to proceed in forma pauperis, as discussed below, this court would lack jurisdiction to review plaintiff's claims.

Plaintiff's complaint is impossible to follow, confused and illogical. The statements and arguments in the complaint are disconnected, and, despite multiple readings, it is impossible to determine the crux or basis of plaintiff's complaint, even giving the pro se plaintiff the benefit of all doubt and liberally construing his complaint. Since filing the complaint, plaintiff twice has attempted to file various, additional, incomprehensible documents with the court. The first document states, in part:

> **THEREUPON**, it is by the **Free Will** of this **Plaintiff** that No Bar Attorneys or Judges are to be allowed to represent the **Commercial Governmental Bankrupt Defendant** in this Probate Court Action. Thereby **No Rebuttals** can be entered or allowed into this Probate Court Action to cause any False Wills or Arguments. **In other words**, this case now stands as a one-side Action with only one Valid Will and just the **Plaintiff is** left **Standing**; therefore this Probate Court can only rule in the **Plaintiffs** [sic] favor.

The second document states, in part: "HAROLD EUGENE LANEY – BANKRUPTCY ESTATE. Demands by Will from the Office of the Alive Executor/Trustee." Both times the court ordered the additional, attempted filings be returned to plaintiff, as they failed to comply with multiple Rules of the United States Court of Federal Claims (RCFC).

Defendant moved to dismiss the complaint for lack of jurisdiction pursuant to the RCFC 12(b)(1) (2013). Plaintiff, however, has not responded to the arguments included in defendant's motion to dismiss, despite having been allotted more time than normal under the Rules of this court.

---

[3] After In re Harold Eugene Laney–SS Trust/Corporation was dismissed on December 9, 2011, plaintiff filed a Motion for Writ of Execution on December 28, 2011. On January 24, 2012, a Judge of the United States Bankruptcy Court for the Southern District of Texas (Galveston Division) denied plaintiff's motion.

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction...may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject

4

matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where... neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Bell Atl. Corp. v. Twombly,] 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557).

When deciding a case based on a lack of subject matter jurisdiction, this court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp V 2011). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Testan, 424 U.S. 392, 400 (1976); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. 206, 216 (1983); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 82 U.S.L.W. 3190 (U.S. Oct. 7, 2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types . . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is

6

nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself....can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

In its motion to dismiss, the government indicates that plaintiff's complaint is one of a number of complaints filed in this court based upon the same "'Redemption' theory." See, e.g., Norma Jean: Miller v. United States, No. 12-874C (dismissed Fed. Cl. Dec. 19, 2012); We the People v. United States, No. 12-828C (dismissed Fed. Cl. Dec. 6, 2012); Sheba: El v. United States, No. 12-789C (dismissed Fed. Cl. Dec. 19, 2012); We the People v. United States, No. 12-873C (dismissed Fed. Cl. Jan. 4, 2013); We the People v. United States, No. 12-881C (dismissed Fed. Cl. Jan. 24, 2013); Devine v. United States, No. 12-784C (dismissed Fed. Cl. Apr. 15, 2013); Smith v.

United States, No. 12-790C, 2013 WL 1847548 (dismissed Fed. Cl. Apr. 30, 2013); and Niikura v. United States, No. 12-791C, 2013 WL 1846882 (dismissed Fed. Cl. May 3, 2013) (citations omitted). As explained by the defendant, "[r]edemptionist theory is grounded in the core belief that the government operates outside its jurisdiction." Defendant continues:

> Redemptionists claim that, when the Government abandoned the gold standard in 1933, it began pledging its citizens as collateral for the national debt. They believe that issuance of a birth certificate and a social security card creates a "straw man" – a fictitious legal entity that is separate and distinct from the real person. They claim that the Government has authority only over the straw man, while the live person is a sovereign citizen outside the law. Redemptionists also claim that they can "redeem" their birth certificates, using fraudulent financial and legal documents such as Uniform Commercial Code (UCC) financing statements, to access secret government bank accounts held by the straw man.

A quick comparison of similar cases filed in this court noted reveals that at last two of the complaints, Sheba: El v. United States, No. 12-789C, and Smith v. United States, 2013 WL 1847548, are virtually identical to the complaint filed by Mr. Laney, and appear to have used the exact same template for the first four pages in their respective complaints, except for the names and purported identification numbers of each plaintiff. Just like Ms. Sheba: El's and Mr. Smith's pro se claims, Mr. Laney also claims that "[j]urisdiction upon this Subject Matter is coming from contract – **Title 28 USC § 1491**," and that indicates "**CHARGE: BREACH OF CONTRACT** (with the People both expressed and implied)."

The court in Sheba: El v. United States dismissed the case and stated:

> Although the complaint may express the political philosophy of plaintiff, it does not contain "a nonfrivolous allegation that [the plaintiff] is within the class of plaintiffs entitled to recover [from the United States] under [a] money-mandating source" of law. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1309 (Fed. Cir. 2008). Because Ms. El has not presented a nonfrivolous reference to a source of law supporting this court's jurisdiction over her claims, her complaint must be dismissed for lack of jurisdiction.

Sheba: El v. United States, No. 12-789C, at *2.

Similarly, another Judge, when dismissing Mr. Smith's claims, stated:

> Although the pleadings of a pro se litigant are afforded less stringent scrutiny, a complaint must still allege facts that demonstrate that the court has jurisdiction. See Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (holding that, although leniency is shown to pro se litigants with respect to "mere formalities," a court "may not similarly take a liberal review of . . . jurisdictional requirement[s]"). The Complaint in this case fails to allege any contractual relationship with the Government entitling Plaintiff to damages.
>
> The Complaint also does not allege a claim based on any . . . money-mandating statute or regulation. See Fisher [v. United States], 402 F.3d [1167,] 1173 [Fed. Cir. 2005].

Smith v. United States, 2013 WL 1847548, at *2.

Throughout plaintiff's complaint, Mr. Laney refers to "Bankruptcy – Constitutions," "Contract of Bankruptcy," his alleged "Assets held in Govern-mental Bankrupt Berthing Accounts," and, specifically, his "Bankrupt Berthing account number **xxx-xx-4777**." Mr. Laney, as well as Ms. Sheba: El and Mr. Smith, include the following language: "[t]he original Contract with the 'We the People' was the Contract of Bankruptcy for the United States as a whole per 'the Constitution,' where the United States as a whole became the Bankrupt to the People." Also, the complaints start with the statement: "**Implied Open Bankruptcy Court Case: (1787 to Present) Constitution**." To the extent plaintiff is trying to review or initiate proceedings involving bankruptcy matters, the United States Court of Federal Claims does not have subject matter jurisdiction over bankruptcy matters. Jurisdiction over bankruptcy matter resides in the United States District Courts and the United States Bankruptcy Courts. See 28 U.S.C. § 157(a) (2006); see also 28 U.S.C. § 1334(a) (2006). See Hufford v. United States, 87 Fed. Cl. 696, 702-03 (2009) (plaintiff's claims "concern bankruptcy, which is committed either to the district courts or to bankruptcy courts by 28 U.S.C. § 157(a)."). To the extent plaintiff is challenging a decision of a bankruptcy court, "the Court of Federal Claims does not have jurisdiction to review decisions of federal bankruptcy courts." Allustiarte v. United States, 256 F.3d 1349, 1350 (Fed. Cir.), cert. denied, 534 U.S. 1042 (2001).

Plaintiff also asks the court to order "the Termination, Liquidation or Restoration of my Claimed Treasure-Trove Bankrupt Berthed Assets." The United States Court of Federal Claims, however, does not have jurisdiction to grant the equitable relief requested by plaintiff. The United States Court of Appeals for the Federal Circuit has stated that:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims

may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); see also Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing United States v. King, 395 U.S. 1, 4 (1969) ("[C]ases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'") and Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed. Cir. 2000)).

It also appears that plaintiff may be attempting to allege due process violations in his complaint, by citing to Amendments to the United States Constitution. This court, however, does not have jurisdiction to review allegations respecting these matters. The United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims does not possess jurisdiction to consider claims arising under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); see also In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied, 552 U.S. 940 (2007); Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment's Due Process clause does not include language mandating the payment of money damages); Long v. United States, 113 Fed. Cl. 7, 11-12 (2013); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007).

The reference to "H.R. 1491," included by plaintiff, is not a statute, but rather appears to refer to a draft bill originating in the United States House of Representatives. Moreover, jurisdiction over cases arising under the Trust Indenture Act of 1939 resides in the United States District Courts, not in this court. See 15 U.S.C. § 77vvv (2006) ("Jurisdiction of offenses and violations under, and jurisdiction and venue of suits and actions brought to enforce any liability or duty created by, this subchapter, or any rules or regulations or orders prescribed under the authority thereof, shall be as provided in section 22(a) of the Securities Act of 1933." [15 U.S.C.A §77v(a)]). Section 77v(a) states:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a).

Plaintiff alleges that "implied United States Contracts with 'We the People' [are based on the] **14th Amendment, H.R. 1491, Shipping Act, Trust Indenture Act and Title 46 USC.**" In what appears to be an attachment to the complaint, plaintiff also describes "**TITLE 46 – SHIPPING**" and "**46 USC CHAPTER 573 – VESSEL TRADE-IN PROGRAM**," as "<u>**an Implied Contract with 'We the People' to CONTROL our Asset-ships. They are Financial VESSELS as Citizen 'account-SHIPS' under the 'Certificate of Live Birth' and/or the 'SSN**</u>.'" Plaintiff's assertions that the claims in his complaint and the jurisdiction to pursue his claims in this court are based upon a contract with the United States, however, also fail. In order to successfully bring a claim based on an express contract, one must show (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) when the United States is a party, the government representative whose conduct is relied upon must have actual authority to bind the government in contract. See Lewis v. United States, 70 F.3d 597, 600 (Fed. Cir. 1995); see also Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir.) ("The requirements for a valid contract with the United States are: a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract.") (citations omitted), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 522 U.S. 857 (1997); Toon v. United States, 96 Fed. Cl. 288, 299-300, 299 n.12 (2010); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. at 728 (citing Total Med. Mgmt., Inc. v. United States, 104 F.3d at 1319); Russell Corp. v. United States, 210 Ct. Cl. 596, 537 F.2d at 481–82), Rivera v. United States, 105 Fed. Cl. 644, 650 (2012). Plaintiff has failed to allege or establish any of these four elements. In part, plaintiff's complaint appears to be directed

11

at the "contract" between plaintiff and the United States, based on his birth certificate and his social security card. A Judge of the United States Court of Federal Claims addressed, and dismissed, a similar argument advanced by the plaintiff in Rivera v. United States, as follows:

> As a threshold matter, neither a birth certificate nor a social security number evidence a contract on which a private party can sue the Government. See Gravatt [v. United States], 100 Fed. Cl. [279,] 286 [(2011)] (holding that "[n]either birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties" and determining that such claims are "frivolous"); cf. Troxelle v. United States, No. 10-312C, 2010 WL 3982349, at *3-4 (Fed. Cl. Oct. 6, 2010) (unpublished) (holding that the issuance of a social security number is not a property interest for purposes of alleging a claim under the Fifth Amendment under the United States Constitution).

Rivera v. United States, 105 Fed. Cl. at 650; see also Cooper v. United States, 104 Fed. Cl. 306, 313-14 (2012); Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 762 (W.D. Va. 2007) (holding that a claim based on similar theories as those advanced by Mr. Laney is "clearly nonsense in almost every detail.").

As for plaintiff's allegations that an implied-in-fact contract exists between plaintiff and the United States, there also is no basis for this allegation. An implied-in-fact contract is one ""founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding."" Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1326 (Fed. Cir. 1997) (quoting Hercules, Inc. v. United States, 516 U.S. 417, 424 (1996) (quoting Baltimore & Ohio Ry. Co. v. United States, 261 U.S. 592, 597 (1923))); see also Hercules, Inc. v. United States, 516 U.S. at 423-24; Bank of Guam v. United States, 578 F.3d 1318, 1329 (citing Trauma Serv. Grp. v. United States, 104 F.3d at 1326); Bay View, Inc. v. United States, 278 F.3d 1259, 1265-66 (Fed. Cir. 2001) (quoting Trauma Serv. Grp. v. United States, 104 F.3d at 1326), reh'g and reh'g en banc denied, 285 F.3d 1035 (Fed. Cir.), cert. denied, 537 U.S. 826 (2002); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 728 (citing Baltimore & Ohio Ry. Co. v. United States, 261 U.S. at 597 and Russell Corp. v. United States, 210 Ct. Cl. 596, 609, 537 F.2d 474, 482 (1976), cert. denied, 429 U.S. 1073 (1977)). Such an agreement will not be implied "unless the meeting of minds was indicated by some intelligible conduct, act or sign." Baltimore & Ohio Ry. Co. v. United States, 261 U.S. at 598; see also Russell Corp. v. United States, 210 Ct. Cl. at 609, 537 F.2d at 482.

"Plaintiff has the burden to prove the existence of an implied-in-fact contract." Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003). "'A well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations

going to each of the requisite elements of a contract.'" De Archibold v. United States, 57 Fed. Cl. 29, 32 (2003) (quoting McAfee v. United States, 46 Fed. Cl. 428, 432, appeal dismissed, 243 F.3d 565 (Fed. Cir. 2000)). "A party alleging either an express or implied-in-fact contract with the government 'must show a mutual intent to contract including an offer, an acceptance, and consideration.'" Bank of Guam v. United States, 578 F.3d at 1326 (quoting Trauma Serv. Grp. v. United States, 104 F.3d at 1325); see also Chattler v. United States, 632 F.3d 1324, 1330 (Fed. Cir.) (citing Trauma Serv. Grp. v. United States, 104 F.3d at 1325), reh'g en banc denied (Fed. Cir. 2011); Hanlin v. United States, 316 F.3d at 1328 (citing City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998)). The elements of a binding contract with the United States are identical for express and implied-in-fact contracts. See De Archibold v. United States, 57 Fed. Cl. at 32 (citing Trauma Serv. Grp. v. United States, 104 F.3d at 1325); see also Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (citing Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc), cert. denied, 539 U.S. 910 (2003)); Mastrolia v. United States, 91 Fed. Cl. 369, 384 (2010) (citing Flexfab, L.L.C. v. United States, 424 F.3d at 1265); Anderson v. United States, 344 F.3d 1343, 1353 (Fed. Cir. 2003) (citing Cal. Fed. Bank, FSB v. United States, 245 F.3d 1342, 1346 (Fed. Cir. 2001); City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). Plaintiff failed to demonstrate any of the above factors, despite his bold allegation as to the existence of a "**BREACH OF CONTRACT** (with the People both expressed and implied)."

Plaintiff also relies on "46 USC CHAPTER 573 – VESSEL TRADE-IN PROGRAM," and makes repeated references to "acquisition" of vessels and "trade-in allowance" of vessels, as another, alleged source to invoke the jurisdiction of this court. As stated by a Judge of this court when dismissing Smith v. United States, referred to above, the court wrote:

> [t]he allegations that the Vessel Trade-in Program, authorized by 46 U.S.C. §§ 57301-57308, establishes an implied contract with the Government is misplaced, because that legislation authorizes the Secretary of Transportation to acquire obsolete vessels "to promote the construction of new, safe, and efficient vessels to carry the domestic and foreign waterborne commerce of the United States." Id. at § 57302.

Smith v. United States, 2013 WL 1847548, at *2.

### CONCLUSION

In sum, Mr. Laney has not alleged any valid basis for this court to exercise jurisdiction over his claims, nor do any exist. His complaint is replete with disconnected concepts, vague references and unfounded allegations. Because plaintiff's complaint fails to assert a proper basis for jurisdiction in this court, defendant's motion to dismiss

for lack of jurisdiction is **GRANTED**.  The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**